# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ACCOUNTS ACCESSED FROM THIRTY-FOUR IP ADDRESSES AND SERVICED BY GOOGLE LLC, FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 1030 | SC No. 20-215<br><br>**Filed Under Seal** |

*Reference:*     *USAO Ref. #* ███████; *Subject Account(s):* ███████, *et al.*

## AMENDED APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, California, to disclose certain records and other information pertaining to the PROVIDER account(s) that were accessed from the internet protocol ("IP") addresses listed in Tables 1 and 2 (for the dates indicated), and as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.

| TABLE 1 |
|---|
| **IP Address**<br>**(For the period between**<br>**5/10/19 to present)** |
| ██████ |
| ██████ |
| ██████ |
| ██████ |
| ██████ |
| ██████ |



| TABLE 1 | | |
|---|---|---|
| **IP Address** **(For the period between** **5/10/19 to present)** | | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |
| | ████ | |

| TABLE 2 | | |
|---|---|---|
| **IP Address** | | |
| | ████ | 5/10/19-5/20/19 |
| | ████ | 5/23/19-5/28/19 |
| | ████ | 5/31/19-6/9/19 |
| | ████ | 6/11/19-6/15/19 |
| | ████ | 6/17/19 |
| | ████ | 6/21/19-7/15/19 |
| | ████ | 7/19/19-7/22/19 |
| | ████ | 7/24/19-8/13/19 |
| | ████ | 8/15/19-present |

In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the requested Order because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 3127.  18 U.S.C. § 3122(a)(1).  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 3127(2)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, D.C.,  *see* 18 U.S.C. § 3237, and the criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district.  *See* 18 U.S.C. § 3238.   In addition, PROVIDER maintains corporate offices located in Washington, D.C.

3.      A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## **RELEVANT FACTS**

4. The United States government, including the FBI, is investigating suspected violations of 18 U.S.C. § 1030(a)(5) (Computer Fraud and Abuse); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. §§ 951(a) (Unregistered Agent of a Foreign Government); 18 U.S.C. §2511(1)(a) (Unlawful Interception of Electronic Communications); 18 U.S.C. 1956(a)(2)(A) (International Money Laundering); and 18 U.S.C. § 371 (Conspiracy).

5. As part of that investigation, the FBI is investigating former members of the U.S. intelligence community for illegally providing cyber capabilities and technical data to a foreign entity and conducting offensive cyber intrusions against protected computers.

6. The investigation concerns a corporate entity, COMPANY ONE, which is headquartered in the ███████████████████ and which performs services for a foreign government. COMPANY ONE employs a number of United States persons who are former members of the United States intelligence community, has established and operated a platform through which the company can carry out surveillance, including through offensive cyber intrusions. These offensive cyber intrusions include gaining unauthorized access to protected computers and smartphones, for the purpose of intercepting electronic communications, including communications of United States persons and/or communications that are sent or received through United States computer servers – including PROVIDER computer servers.

7. According to multiple individuals with firsthand knowledge of COMPANY ONE's operations, outgoing internet traffic for COMPANY ONE's computer intrusion operations is routed through a sophisticated anonymization service (referred to here as the "ANONYMIZER") which is located in the United States. Accordingly, the United States obtained a pen register-trap and trace order ("PRTT Order") which directed ANONYMIZER to provide records of

COMPANY ONE's internet traffic that passed through ANONYMIZER servers.

8.     In addition, according to statements from multiple individuals with firsthand knowledge of COMPANY ONE's operations, since 2016, COMPANY ONE has used certain malicious computer tools to target and compromise victim smartphones.  According to statements from multiple individuals with firsthand knowledge of particular exploits, those exploits are designed to take advantage of apparent and historical security flaws on smartphones that utilize operating systems and servers that are serviced and updated by PROVIDER.

9.     Additionally, multiple individuals, ████████████████████ have reported that COMPANY ONE routinely used username and password stolen from compromised devices to access the contents of PROVIDER subscriber accounts that contain the personal information of COMPANY ONE's targets.  PROVIDER's customers typically have free access to a number of services that contain and record personal information, including inter alia, e-mail services, photo storage, online document and data storage, calendars, location and mapping data, search engine histories, etc.

10.     The PRTT data does not include evidence about the content of any communications.  However, based on the PRTT, the FBI has concluded that the ANONYMIZER assigns COMPANY ONE a number of dynamic IP addresses, usually ten, that it changes every 24 hours, as well as approximately 26 static IP addresses that remain unchanged for longer periods of time.  The IP addresses listed in Tables 1 and 2 are the static IP addresses assigned to COMPANY ONE.  Any communication between PROVIDER servers and the IP addresses listed in Tables 1 and 2 (on the listed dates) could be the type of activity required for COMPANY ONE to access victims' personal data, transmit exploits or malware (i.e., malicious code designed to compromise an unwitting user's devices), send phishing emails (i.e., fraudulent emails and messages designed

to cause victims to click on links that download malware onto their devices), and conduct target research. In addition, any use of the IP addresses listed in Tables 1 and 2 (during the listed dates) could also provide evidence about computer intrusion conduct by COMPANY ONE.[1]

11.     The information requested in Attachment A also includes the identity of subscriber accounts that accessed any PROVIDER services from, and/or communicated with PROVIDER servers via, the ANONYMIZER IP addresses listed in Tables 1 and 2, which was assigned to COMPANY ONE on the listed dates. This is expected to identify: (1) subscriber accounts belonging to victims of COMPANY ONE's malicious operations that were accessed by COMPANY ONE for its own purposes (e.g. to view and copy targets' personal data); and, (2) subscriber accounts used by COMPANY ONE to access PROVIDER services and/or send, or attempt to send, phishing messages, malicious links, etc.

12.     Attachment A also requires PROVIDER to identify any accounts linked to the accounts accessed from the ANONYMIZER IP address listed in Tables 1 and 2, which was assigned to COMPANY ONE on the listed dates, including accounts that are registered with the same email address, or other unique identifiers, as well as accounts linked by cookies.

13.     Finally, information requested in Attachment A includes, for all of the accounts described in paragraphs 12 and 13 transactional records from account creation to present.

## REQUEST FOR ORDER

14.     The facts set forth above show that there are reasonable grounds to believe that the

---

[1] This Court previously issued an Order under 18 U.S.C. § 2703(d) that requested PROVIDER accounts that accessed the IP address listed in Table 2 – ███████████ – for fourteen specific days between May 21, 2019 and – August 14, 2019. *See* ███████████ These dates involved instances where investigators observed traffic between an ANONYMIZER IP address and PROVIDER servers. The United States is now seeking an Order for a broader IP range and timeframe because the FBI's ability to identify traffic to PROVIDER servers on the PRTT is based on open source information that may not be complete or fully inclusive.

records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, the victims of the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

15. The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for one year from the date of the Court's Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *See* 18 U.S.C. § 2705(b).[2]

16. In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States' ongoing and

---

[2] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

confidential investigation.  In this case, COMPANY ONE and many of the subjects are aware of the existence of the investigation.  However, the requested Order seeks information about ongoing activities that take advantage of particular exploits and anonymization services, and COMPANY ONE is not aware of the scope of the investigation as to those exploits and anonymization services.

17.    Once alerted to the requested order, COMPANY ONE or other subjects could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution, including by changing their use of particular exploits and anonymization services. Moreover, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence.

18.    Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in destruction of or tampering with evidence or other serious jeopardy to this investigation.  *See* 18 U.S.C. § 2705(b)(3), (5).

19.    Given the complex nature of the criminal activity under investigation and the involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme may be ongoing, the United States anticipates that this confidential investigation will continue for the next year or longer.

20.    Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.  Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the

Court promptly and seek appropriate relief.

21.    In this matter, the United States also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order.  *See id.*

Respectfully submitted,

JESSIE K. LIU
United States Attorney
DC Bar No. 472845


_____/s/_____
Demian S. Ahn
Assistant United States Attorney
D.C. Bar No. 49111
555 4th Street, N.W.
Washington, D.C.  20530
Office: 202-252-7106
demian.ahn@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ACCOUNTS ACCESSED FROM THIRTY-FOUR IP ADDRESSES AND SERVICED BY GOOGLE LLC, FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 1030 | SC No. 20-215 <br><br> **Filed Under Seal** |

**ORDER**

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, LLC ("PROVIDER"), an electronic communication and/or remote computing service provider located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to change operational tactics and to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

one year (commencing on the date of this Order), unless the period of nondisclosure is later

modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise

ordered by the Court, except that the United States may disclose the existence and/or contents of

the Application and this Order to appropriate law enforcement authorities.

Date: _____

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**I. The Account(s)**

The Order applies to certain records and other information for any Google, LLC ("PROVIDER") account(s) that were accessed from or communicated with the internet protocol ("IP") addresses listed in Tables 1 and 2, below, on the dates indicated.

| TABLE 1 |
| --- |
| **IP Address** **(For the period between 5/10/19 to present)** |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

| TABLE 2 | | |
|---|---|---|
| **IP Address** | | |
| | | 5/10/19-5/20/19 |
| | | 5/23/19-5/28/19 |
| | | 5/31/19-6/9/19 |
| | | 6/11/19-6/15/19 |
| | | 6/17/19 |
| | | 6/21/19-7/15/19 |
| | | 7/19/19-7/22/19 |
| | | 7/24/19-8/13/19 |
| | | 8/15/19-present |

## II. Records and other information to be disclosed

### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and,

2

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account creation, to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information;

3. Records and other information about the creation time, registration IP address, language, country, time zone, and other non-content profile information associated with the Account(s);

4. User agent information and device ID information, including all devices used to access the Account(s) and associated Linked Accounts;

5. Identification of any PROVIDER account(s) that are linked to the Account(s) ("Linked Accounts") (including via common subscriber information, machine cookie or other cookie, creation or login IP address, recovery email or phone number, telephone or instrument number (*e.g.*, IMEI or ESN), Globally Unique Identifiers (or "GUIDS"), AOL account ID, Android ID, Google ID, SMS, Apple ID, Facebook username, or otherwise).

C. Any and all cookies associated with or used by any computer or web browser associated with the Account(s) or any Linked Accounts, including the IP addresses, port data, dates, and times associated with the recognition of any such cookie.

D.  Account notes and logs, including any customer service communications or other correspondence with the subscriber; and investigative files or user complaints concerning the subscriber.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ACCOUNTS ACCESSED FROM THIRTY-FOUR IP ADDRESSES AND SERVICED BY GOOGLE LLC, FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. § 1030 | SC No. 20-215<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, LLC ("PROVIDER"), an electronic communication and/or remote computing service provider located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to change operational tactics and to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

G. Michael Harvey

Digitally signed by G. Michael Harvey
Date: 2020.02.04 16:33:19 -05'00'

Date: February 4, 2020

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**I. The Account(s)**

The Order applies to certain records and other information for any Google, LLC ("PROVIDER") account(s) that were accessed from or communicated with the internet protocol ("IP") addresses listed in Tables 1 and 2, below, on the dates indicated.



| TABLE 1 |
|---|
| **IP Address**<br>**(For the period between**<br>**5/10/19 to present)** |

| TABLE 2 | | |
|---|---|---|
| **IP Address** | | |
| | ███████ | 5/10/19-5/20/19 |
| | ███████ | 5/23/19-5/28/19 |
| | ███████ | 5/31/19-6/9/19 |
| | ███████ | 6/11/19-6/15/19 |
| | ███████ | 6/17/19 |
| | ███████ | 6/21/19-7/15/19 |
| | ███████ | 7/19/19-7/22/19 |
| | ███████ | 7/24/19-8/13/19 |
| | ███████ | 8/15/19-present |

## II.  Records and other information to be disclosed

### A.  Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1.  Names (including subscriber names, user names, and screen names);

2.  Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3.  Local and long distance telephone connection records;

4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.  Length of service (including start date) and types of service utilized;

6.  Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7.  Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and,

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account creation, to the present, constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information;

3. Records and other information about the creation time, registration IP address, language, country, time zone, and other non-content profile information associated with the Account(s);

4. User agent information and device ID information, including all devices used to access the Account(s) and associated Linked Accounts;

5. Identification of any PROVIDER account(s) that are linked to the Account(s) ("Linked Accounts") (including via common subscriber information, machine cookie or other cookie, creation or login IP address, recovery email or phone number, telephone or instrument number (*e.g.*, IMEI or ESN), Globally Unique Identifiers (or "GUIDS"), AOL account ID, Android ID, Google ID, SMS, Apple ID, Facebook username, or otherwise).

C. Any and all cookies associated with or used by any computer or web browser associated with the Account(s) or any Linked Accounts, including the IP addresses, port data, dates, and times associated with the recognition of any such cookie.

D. Account notes and logs, including any customer service communications or other correspondence with the subscriber; and investigative files or user complaints concerning the subscriber.