# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES FOR AN INVESTIGATION OF VIOLATIONS OF 18 U.S.C. 2252A(a)(2)

PR No. 20-pr-233

**Filed Under Seal**

# APPLICATION

The United States of America, moving by and through Assistant United States Attorney April Russo, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen registers and trap and trace device ("pen-trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the internet service accounts described in Attachment A, which are operated by **Cox Communications and Canyon Wireless**, including the date, time, and duration of the communication, and those items listed in Attachment B, without geographic limit. In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), of an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Federal Bureau of Investigation ("FBI").

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the FBI.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. *See* 18 U.S.C. § 3237.

**ADDITIONAL INFORMATION**

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

2

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to electronic communications, as described below.

10. The Internet is a global network of computers and other devices. Devices directly connected to the Internet are identified by a unique Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response.

11. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of data packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains the content of the transmitted communication.

12. The packet header contains non-content dialing, routing, addressing and signaling information, including IP addresses and port numbers. Both the IP address of the requesting device (the source IP address) and the IP address of the receiving device (the destination IP address) are included in specific fields within the packet header, as are source and destination port numbers. On the Internet, IP addresses and port numbers function much like telephone numbers and area codes – often both are necessary to route a communication. Sometimes these port numbers identify the type of service that is connected with a communication, such as email or web-browsing, but often they identify a specific device on a private network. In either case, port numbers are used to

3

route data packets either to a specific device or a specific process running on a device. Thus, in both cases, port numbers are used by computers to route data packets to their final destinations.

13. The headers of data packets also contain other dialing, routing, addressing and signaling information. This information includes the transport protocol used (there are several different protocols that govern how data is transferred over networks); the flow label (for the most recent version of the Internet Protocol suite, called IPv6, the flow label helps control the path and order of transmission of packets); and the packet size.

14. Because they are all used to facilitate the routing and transfer of data, and because they do not contain the content of communications, the United States requests that this Court order **Cox Communications** and **Canyon Wireless** to either produce, or assist the United States in obtaining through the installation of a pen-trap device, the IP addresses, port numbers, transport protocol, flow label, and packet size of each data packet sent to and from the account described in Attachment A. See 18 U.S.C. §§ 3122 and 3123.

15. The United States further requests that the Court order **Cox Communications** and **Canyon Wireless** to provide other data related to each data packet sent over the provider's network. These data fields are commonly provided pursuant to industry standards adopted under the Communications Assistance for Law Enforcement Act (CALEA). See 47 U.S.C. § 1006. They include: the Case Identification (or Case ID), which is a unique identifier used by law enforcement and the provider to identify the case to which the data pertains; the Intercept Access Point System Identification (IAP System ID), which identifies the network equipment responsible for isolating the targeted information; the Timestamp, which identifies the date and time that the event was detected; and the Access Session ID, which provides a unique identifier for the data that is used to correlate the communication identifying information with the communication content.

4

## THE RELEVANT FACTS

16. The following factual summary is based on information provided to me in my official capacity by FBI agents and analysts. The United States, including the FBI and the U.S. Department of Justice, Child Exploitation and Obscenity Section, is investigating a scheme whereby one or more subjects has infiltrated Zoom Video Communications, Inc. (hereinafter Zoom) online meetings and then disrupted them by displaying child pornography videos and/or images to all participants. These incidents are colloquially referred to as Zoombombings.

17. As of the date of this application, there are at least nine reported incidents of Zoombombings involving child pornography. There are over 400 incidents similar to this of Zoombombings involving child pornography reported throughout the United States and hundreds of other incidents throughout the world. The investigation concerns possible violations of 18 U.S.C. §§ 2252A(a)(2) (distribution of child pornography) and 2252A(a)(5)(b) (possession of child pornography).

18. The FBI has determined that a Zoom user utilizing unique hardware specifications conducted Zoombombings involving child pornography in at least 35 of these incidents, including 1 incident in the District of Columbia. These 35 incidents all occurred between April 7, 2020 and April 21, 2020.

19. To further the investigation into the target offending Zoom user, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications – specifically, for each data packet – sent to or from the internet service accounts associated with the **Cox Communications** IP address and the internet service account associated with the **Canyon Wireless** service address.

5

20. The pen-trap devices sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the account described in Attachment A, including the date, time, and duration of the communication, and those items listed in Attachment B, without geographic limit.

**GOVERNMENT REQUESTS**

21. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from the accounts described in Attachment A, including the date, time, and duration of the communication, and those items listed in Attachment B, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

22. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

23. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order **Cox Communications and Canyon Wireless** and any other person or entity providing electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the FBI pursuant to 18

U.S.C. § 3124(c) for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

24. If **Cox Communications**, **Canyon Wireless,** or any other relevant provider of electronic communication service to the public, cannot comply with this Court's Order to install the pen-trap devices, the United States requests authorization to install and use its own pen register and trap and trace devices on the data network of **Cox Communications**, **Canyon Wireless,** or any other relevant provider of electronic communication service to the public, pursuant to 18 U.S.C. § 3123(a)(3)(A).

25. The United States further requests that the Court order **Cox Communications, Canyon Wireless,** and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the FBI of any changes relating to the accounts described in Attachment A, and to provide prior notice to the applicant and the FBI before terminating or changing service to that account.

26. The United States further requests that the Court order that the FBI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

27. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order **Cox Communications, Canyon Wireless,** and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, unless and until authorized by this

Court, except **Cox Communications and Canyon Wireless** may disclose this Order to an attorney for **Cox Communications and Canyon Wireless** for the purpose of receiving legal advice.

28. The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

29. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and Order and to provide copies of this Order to the FBI, **Cox Communications, and Canyon Wireless** upon request.

30. The foregoing is based on information provided to me in my official capacity by agents of the FBI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 3rd of September 2020.

        Respectfully submitted,

        MICHAEL SHERWIN
        Acting United States Attorney
        New York Bar No. 4444188

By: _____
        April N. Russo
        Assistant United States Attorney
        PA Bar Number: 313475
        555 Fourth Street, N.W., Room 4832
        Washington, D.C. 20530
        Telephone: 202-803-1643
        Email: April.Russo@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES FOR AN INVESTIGATION OF VIOLATIONS OF 18 U.S.C. 2252A(a)(2) | PR No. 20-pr-233<br><br>**Filed Under Seal** |

### ORDER

Assistant United States Attorney April Nicole Russo, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the internet service accounts described in Attachment A, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the FBI in connection with possible violations of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the FBI may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each data packet going to or from the internet service accounts described in Attachment A, including the date, time, and duration of the communication, and those items listed in Attachment B, without geographic limit.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that **Cox Communications**, **Canyon Wireless,** and any other person or entity providing electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the FBI reasonably compensate **Cox Communications, Canyon Wireless,** and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that if **Cox Communications**, **Canyon Wireless,** or any other relevant provider of electronic communication service to the public, cannot comply with this Court's Order to install the pen-trap devices, the United States is authorized to install and use its own pen register and trap and trace devices on the data network of **Cox Communications, Canyon Wireless,** or any other relevant provider of electronic communication service to the public, pursuant to 18 U.S.C. § 3123(a)(3)(A).

IT IS FURTHER ORDERED that **Cox Communications, Canyon Wireless,** and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the FBI of any changes relating to the account described in Attachment A, including changes to subscriber information, and to provide prior notice to the FBI before terminating or changing service to the account;

2

IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the FBI, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that **Cox Communications, Canyon Wireless,** and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that **Cox Communications** and **Canyon Wireless** may disclose this Order to an attorney for **Cox Communications** and **Canyon Wireless** for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to the FBI, **Cox Communications, and Canyon Wireless** upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

_____   _____
Date                              ROBIN M. MERIWEATHER
                                  U.S. MAGISTRATE JUDGE

## ATTACHMENT A

**Cox Communications**

Name:

ICOMS ID:

Service Address:

**Canyon Wireless**

Name:

Service Address:

**ATTACHMENT B**

THE INFORMATION TO BE DISCLOSED:

All dialing, routing, addressing and signaling information for each data packet associated with each communication to or from the accounts identified in Attachment A, including the date, time and duration of the communication, and the following, without geographic limit:

(1) Case Identification;

(2) Intercept Access Point (IAP) System Identification;

(3) Timestamp;

(4) Access Session ID;

(5) Source IP Addresses;

(6) Destination IP Addresses;

(7) Source Port Number;

(8) Destination Port Number;

(9) Transport Protocol;

(10) Flow label (with respect to IPv6);

(11) Packet size; and

(12) Any unique identifiers associated with devices used to access the account, including Media Access Control ("MAC") addresses.

2

#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES FOR AN INVESTIGATION OF VIOLATIONS OF 18 U.S.C. 2252A(a)(2) | PR No. 20-pr-233  <br><br>**Filed Under Seal** |

### ORDER

Assistant United States Attorney April Nicole Russo, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the internet service accounts described in Attachment A, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the FBI in connection with possible violations of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the FBI may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each data packet going to or from the internet service accounts described in Attachment A, including the date, time, and duration of the communication, and those items listed in Attachment B, without geographic limit.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that **Cox Communications**, **Canyon Wireless,** and any other person or entity providing electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the FBI reasonably compensate **Cox Communications, Canyon Wireless,** and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that if **Cox Communications**, **Canyon Wireless,** or any other relevant provider of electronic communication service to the public, cannot comply with this Court's Order to install the pen-trap devices, the United States is authorized to install and use its own pen register and trap and trace devices on the data network of **Cox Communications, Canyon Wireless,** or any other relevant provider of electronic communication service to the public, pursuant to 18 U.S.C. § 3123(a)(3)(A).

IT IS FURTHER ORDERED that **Cox Communications, Canyon Wireless,** and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the FBI of any changes relating to the account described in Attachment A, including changes to subscriber information, and to provide prior notice to the FBI before terminating or changing service to the account;

IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the FBI, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that **Cox Communications, Canyon Wireless,** and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that **Cox Communications** and **Canyon Wireless** may disclose this Order to an attorney for **Cox Communications** and **Canyon Wireless** for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to the FBI, **Cox Communications, and Canyon Wireless** upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

_____  
Date

2020.09.07  
11:21:04  
-04'00'  
_____  
ROBIN M. MERIWEATHER  
U.S. MAGISTRATE JUDGE

3

## ATTACHMENT A

**Cox Communications**

Name: ▮▮▮▮▮▮▮▮

ICOMS ID: ▮▮▮▮▮▮▮▮

Service Address: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Canyon Wireless**

Name: ▮▮▮▮▮▮▮▮

Service Address: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ATTACHMENT B**

THE INFORMATION TO BE DISCLOSED:

All dialing, routing, addressing and signaling information for each data packet associated with each communication to or from the accounts identified in Attachment A, including the date, time and duration of the communication, and the following, without geographic limit:

(1)  Case Identification;

(2)  Intercept Access Point (IAP) System Identification;

(3)  Timestamp;

(4)  Access Session ID;

(5)  Source IP Addresses;

(6)  Destination IP Addresses;

(7)  Source Port Number;

(8)  Destination Port Number;

(9)  Transport Protocol;

(10) Flow label (with respect to IPv6);

(11) Packet size; and

(12) Any unique identifiers associated with devices used to access the account, including Media Access Control ("MAC") addresses.

2